IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Dickerson,                                                          Case No. 3:12CV894

        Plaintiff

   v.                                                                                    **ORDER**

United States of America,

        Defendant

Pending is plaintiff Michael Dickerson's motion for return of seized property. [Doc. 1]. Dickerson alleges United States Postal Inspectors improperly seized and declared forfeit $11,000 in money orders Dickerson possessed. Because jurisdiction is improper here, I deny the motion.

**Background**

In July, 2008, the government charged Dickerson in this district with conspiracy to possess with the intent to distribute cocaine, heroin, and marijuana. He later pled guilty.

On January 8, 2008, Postal Inspectors seized the $11,000 at issue from Dickerson in Romulus, Michigan. The U. S. Attorney alleged Dickerson possessed the money orders in connection with his criminal activity.

The government moved to forfeit the money orders under 21 U.S.C. § 881.[1] The United States Postal Inspector publicized notice of the seizure in the *Wall Street Journal* and directed notice by certified mail to Dickerson's home in Toledo, Ohio. Dickerson did not file a claim under 18 U.S.C. § 983(a) to contest the forfeiture. In September, 2011, the government declared the money orders forfeit.

In March, 2012, Dickerson filed the instant motion after learning the Postal Inspector had declared them forfeit.

## Discussion

Jurisdiction over a motion for return is proper in the district where the seizure warrant was issued or the district where the seizure occurred. 18 U.S.C. § 983(b)(3).

A civil forfeiture proceeding under 21 U.S.C. § 881 is an action *in rem*. *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 84 (1992). Furthermore, the *in personam* criminal action does not provide personal jurisdiction over the *in rem* civil action. *United States v. Real Prop. Located at: 1447 Plymouth, S.E., Grand Rapids, Mich.*, 702 F.Supp. 1356, 1359 (W.D. Mich. 1988); *see also United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cnty., Mich.*, 986 F.2d 990, 995 (6th Cir. 1993) (factually-related civil and criminal proceedings are jurisdictionally independent) (quoting *Scarabin v. Drug Enforcement Administration*, 966 F.2d 989, 993-94 (5th Cir. 1992)).

A motion for return of improperly seized property belongs in the district court in the district where the government seized the property. *United States v. Ocampo*, 2009 WL 3617987, *2 (E.D.

---

[1] The statutory basis for Dickerson's motion is unclear on the face of his motion. Nonetheless, it is clear that the government seeks civil, rather than criminal forfeiture. Had it sought criminal forfeiture, Dickerson's remedy would have been a motion for return of property under Fed. R. Civ. P. 41 (which, because Dickerson's criminal trial is over, would have been deemed a civil action). *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 1996).

Mich.). Additionally, the Sixth Circuit has specifically held that once the government has initiated a civil forfeiture action, a claimant may not use Fed. R. Crim. P. 41 to bypass statutory procedures. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989).

The parties agree the Postal Inspector seized the property in Romulus, Michigan. Despite the motion for return's silence on the underlying statutory procedure, I must interpret it as a civil action according to *Shaw* and 18 U.S.C. § 983. The language of §§ 881, 981 and 983 is clear; jurisdiction exists only in a district that may exercise *in rem* jurisdiction over the property in question.

Because the Postal Inspector seized the property in Romulus, Michigan, jurisdiction here is improper. Dickerson's arguments about sufficiency of notice and the connection between his illicit drug activity and the money orders, therefore, are moot.

## Conclusion

It is, therefore

ORDERED THAT

Dickerson's motion for return of seized property [Doc.1] be, and the same hereby is denied, without prejudice to refile in the Eastern District of Michigan

So ordered.

s/James G. Carr
Sr. United States District Judge